In re Nellie Alice McINTYRE, Debtor.

**CITIZENS STATE BANK, Plaintiff,**

v.

**Nellie Alice McINTYRE, Defendant.**

Bankruptcy No. 4–81–00384.

Adv. No. 4–81–0063.

United States Bankruptcy Court,
W. D. Kentucky.

March 12, 1982.

Ronald J. Bamberger, Owensboro, Ky., for debtor.

Glenn M. W. Scott, Owensboro, Ky., for plaintiff.

## MEMORANDUM AND ORDER

STEWART E. BLAND, Bankruptcy Judge.

This chapter 13 proceeding comes before the Court on complaint of Citizens State Bank (Bank), a secured creditor, by counsel, seeking to lift the automatic stay pursuant to 11 U.S.C. § 362 in order to repossess the collateral in which it holds a security interest.

The facts of the case may be briefly recited as follows: On or about November 5, 1981, the debtor filed a petition under the provisions of Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301, *et seq.* The meeting of creditors and confirmation hearing was held on December 11, 1981. Confirmation was recommended by the Chapter 13 trustee, and subsequently an "Order of Confirmation" was entered and signed by the Court on December 22, 1981. The debtor's plan provides for the payment to Citizens of

$4,475.00 as a secured claim and $627.57 representing thirty-three percent (33%) of the portion of the Bank's claim deemed unsecured in the amount of $1,901.74.

On or about December 21, 1981, the Bank filed a complaint to lift the automatic stay in order to repossess the 1979 Ford Thunderbird automobile in which it holds a security interest in the total amount of $6,376.74 as evidenced by a submitted proof of claim supported by a promissory note and security agreement signed by the debtor. The complaint alleges in paragraph 4 that "... [t]he debtor does not have an equity in such property and such property is not necessary to an effective plan" as the basis for requesting the lifting of the stay.

The United States Bankruptcy Court has jurisdiction of the parties and the subject matter of this controversy pursuant to 28 U.S.C. § 1471.

The automatic stay provision of the Bankruptcy Code as found in 11 U.S.C. § 362 generally states that the filing of a bankruptcy petition operates as a stay, applicable to all entities of any act to create, perfect, or enforce any lien against property of the estate. 11 U.S.C. § 362(a)(4).

Subsection (d) of 11 U.S.C. § 362 provides for the lifting of the automatic stay relative to a particular party or parties in certain circumstances. 11 U.S.C. § 362(d) provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> or
>
> (2) with respect to a stay of an act against property, if—
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(g) states:

> In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.

Clearly, in this situation, the Bank does not allege inadequate protection of its property interest. The complaint specifically falls within the ambit of 11 U.S.C. § 362(d)(2)(A) and (B). In paragraph 4 of the complaint, Bank merely alleges a lack of debtor equity in the property without pleading supporting facts on which the allegation is founded. A preliminary hearing was held on this matter on February 9, 1982. At that hearing, the Bank had the burden of proof as to debtor's lack of equity in the automobile pursuant to 11 U.S.C. § 362(g). There was no evidence submitted to the Court at that hearing which would support a finding that the debtor lacked equity in the property in question.

Wherefore, the plaintiff having failed to sustain its burden of proof relative to the matter which constitutes the foundation of the complaint, and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the request of Citizens State Bank for the termination of the automatic stay be and is denied, and the plaintiff's complaint be and is dismissed.